IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| KEY COMPONENTS, INC. d/b/a POWERMASTER MOTORSPORTS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:07-cv-224 ) |
| EDGE ELECTRONICS, INC. d/b/a KINETIK, et al., | ) ) ) |
| Defendants. | ) ) |


**MEMORANDUM OPINION**

This civil action is before the court on the motion of defendant Edge Electronics, Inc. to dismiss two of the plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure [doc. 39].[1] The plaintiff has responded [doc. 42], and the motion is ripe for the court's consideration. For the reasons discussed below, the defendant's motion will be denied.

---

[1] The defendant filed a similar motion to dismiss the same claims found in the plaintiff's original complaint [doc. 18]. The complaint has been amended twice, and the present motion applies to the Second Amended Complaint [doc. 37]. Therefore, the defendant's first motion to dismiss will be denied as moot.

On a motion to dismiss alleging a failure to state a claim (Fed. R. Civ. P. 12(b)(6)), the court

> must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. . . When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. . . Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations.

*Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996) (citations omitted). A motion brought under Rule 12(b)(6) "only tests whether the claim has been adequately stated in the complaint." 5B Charles Alan Wright & Arthur R. Miller, *Fed. Practice and Procedure* § 1356 (3d ed. 2004).

The Second Amended Complaint alleges violations of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)) and the Tennessee Consumer Protection Act (Tenn. Code Ann. § 47-18-104), intentional interference with prospective business relationships, and civil conspiracy. It is the Lanham Act claim and the intentional interference with business relationships claim that are before the court on the defendant's motion to dismiss.

Concerning the Lanham Act claim, the defendant argues that the plaintiff did not plead a set of facts that would support its contention that Edge Electronics made false or misleading statements of fact concerning the plaintiff's

2

products, an essential element of the claim. Contrary to the defendant's contention, however, the court finds that the plaintiff has met the threshold of notice pleading. The plaintiff alleges that the defendant's advertising makes claims about its own batteries that contain false and misleading statements of fact that misrepresent the performance, characteristics, and quality of the batteries, and the plaintiff attached copies of the advertising materials that demonstrate the alleged false and misleading statements. The court finds that these allegations are sufficient to put the defendant on notice of the plaintiff's Lanham Act claims.

Next, the defendant argues that the plaintiff has failed to state a claim for intentional interference with prospective business relationships because the plaintiff has not alleged any facts which would support a determination that the defendant's predominant motive for any alleged misrepresentation was to injure the plaintiff. The Tennessee Supreme Court established the tort in *Trau-Med of America, Inc. v. Allstate Insurance Co.*, 71 S.W.3d 691, 701 (Tenn. 2002), and set out the elements of the tort that the plaintiff must establish before liability can be imposed on the defendant:

> (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; the defendant's *improper motive or improper means*; and finally, (5) damages resulting from the tortious interference.

3

*Id.* (citations and footnotes omitted). In a footnote, the court stated that when the plaintiff is relying on a theory of "improper motive," it must "demonstrate that the defendant's predominant purpose was to injure the plaintiff." However, if the plaintiff is relying on a theory of "improper means," the Court listed numerous examples of "means that are illegal or independently tortious," including violations of statutes, fraud, or misrepresentation or deceit. The court finds again that the plaintiff has adequately met its pleading threshold on this claim. The plaintiff alleges that the defendant's advertising was "false, deceptive and/or misleading" and disparaged the plaintiff's products with the intent interfere with the plaintiff's business relationships with present and new customers. The plaintiff specifically claims that the "predominant purpose" of the defendant's advertising was to cause damage to the plaintiff. The court finds that the plaintiff has adequately pleaded a claim for intentional interference with prospective business relationships and has put the defendant on notice as to the nature of the claim.

Therefore, the defendant's motion to dismiss these two claims must be denied. An order reflecting this opinion will be entered.

ENTER:

    *s/ Leon Jordan*
United States District Judge